859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glenora HOLT, Plaintiff-Appellant, Cross-Appellee,
v.
JEFFERSON COUNTY, KENTUCKY, Michael Conliffe, and Chris C.
Smith, Defendants- Appellees, Cross-Appellants.
 Nos. 87-6206, 87-6232.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges; and THOMAS G. HULL, Chief District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff-appellant, Glenora Holt, appeals from the district court's summary judgment dismissing her claims that the defendants unconstitutionally denied her access to the Kentucky courts. The defendants cross-appeal the district court's denial of sanctions and attorneys fees under Fed.R.Civ.P. 11 and 42 U.S.C. Sec. 1988 (1982). Because we find that there was no genuine issue of material fact warranting a trial on the merits and that the defendants were entitled to judgment as a matter of law, we affirm the summary judgment order. However, because the record is unclear as to whether the plaintiff's conduct in this litigation was reasonable under the circumstances, we remand the cross-appeal to the district court for clarification of its findings.
 
 I.
 
 2
 The plaintiff-appellant, Glenora Holt, has worked in the Division of Child Support Enforcement of the Jefferson County (Kentucky) Attorney's Office ("the Division") since 1977. In early 1985, she became a supervisor in charge of the group responsible for collecting child support payments from the fathers of children whose mothers were recipients of aid of families with dependent children. The Director of the Division was defendant-appellee Chris Smith. Defendant-appellee Michael Conliffe was the First Assistant County Attorney until his election to the position of County Attorney in November of 1985.
 
 
 3
 During 1984, Holt began dating Hiawatha Jones, a detective in the Division. Some time later, the relationship between Holt and Jones soured. By September 18, 1985, the relationship had deteriorated to the point that Holt swore out a criminal complaint against Jones in the Jefferson County District Court. In the complaint, Holt alleged that Jones was constantly harassing her at home and at work by making unwelcome telephone calls to her, by following her home after work, and by scattering some of her intimate and personal belongings in and around her parking area at work.
 
 
 4
 As time passed after her filing the complaint against Jones, Holt became concerned that she had received no notice of the status of her complaint and went to the Jefferson County Hall of Justice to inquire about the matter. According to Holt, Marjean Martin, the "warrant clerk" at the Hall of Justice, told her that the complaint had been "pulled" at the direction of Conliffe. Holt also claims that Martin told her that she [Holt] and Jones were going to lose their jobs, presumably as a result of their dispute.
 
 
 5
 A few days later, Conliffe arranged a meeting attended by Holt, Jones, Smith and himself. Although Conliffe states that he viewed the meeting as an informal attempt to mediate the dispute between Holt and Jones, Holt states that she received a hostile reception to her harassment allegations at this meeting.
 
 
 6
 When Conliffe's attempt to mediate the dispute failed, Holt's complaint was returned to the county's normal machinery for processing criminal complaints. Pursuant to this procedure, an Assistant County Attorney evaluated Holt's complaint and recommended to Kentucky District Judge Daniel Schneider that the complaint be rejected. On October 2, 1985, some two weeks after Holt filed the complaint against Jones, Judge Schneider rejected her complaint.
 
 
 7
 On March 24, 1986, Holt was transferred, with no cut in pay, from her supervisory collections position to a records clerk position. Before her transfer, Smith and Conliffe informed Holt that the state had withdrawn funds for the "pilot program" of which her group was a part, and provided her the option of remaining in her then current position until June 30, 1986, or transferring to the records clerk position. Holt chose the latter option.
 
 
 8
 On July 23, 1986, Holt filed her complaint in the United States District Court for the Western District of Kentucky. She named as defendants Michael Conliffe, Chris Smith and the government of Jefferson County, Kentucky. In her complaint, Holt alleged that the defendants violated her due process rights under the fourteenth amendment to the United States Constitution and 42 U.S.C. Sec. 1983 (1982) by "caus[ing her] criminal complaint against Hiawatha Jones to be quashed and nulified without any sort of hearing or apparent recourse...." J.App. at 129-30. In addition, Holt alleged that the defendants demoted her in retaliation for her attempt to exercise her constitutional right of access to the courts.
 
 
 9
 On May 7, 1987, the defendants moved for summary judgment and requested attorneys fees and sanctions against Holt and her attorneys. In support of their contention that there existed no genuine material factual issue in the case, the defendants presented the sworn affidavit of Marjean Martin which contradicted Holt's assertions about Martin's alleged statements concerning the status of Holt's complaint and possible loss of her job. J.App. at 170-72. The defendants also presented a letter from Charles Yates, Director of the Kentucky Child Support Program, which verified that the state terminated funding for Holt's program, effective on June 30, 1986. The defendants pointed to the deposition testimony of Assistant County Attorney B. Keefe Montgomery, wherein he stated that it was his normal practice to "pull" criminal complaints involving disputes between co-workers to determine whether informal mediation efforts could be utilized. J.App. at 74-76. Finally, the defendants pointed to the affidavit of Judge Schneider wherein he stated that he rejected Holt's complaint "based upon a complete consideration of all the allegations set forth on the face of the complaint," and that "no extraneous factors were considered in that review...." J.App. at 155. The defendants also argued (1) that they should receive attorneys fees pursuant to 42 U.S.C. Sec. 1988 (1982) because Holt's claim was frivolous, unreasonable and groundless and (2) that the district court was required to impose sanctions against Holt and her attorneys pursuant to Rule 11, Fed.R.Civ.P., because they allaegedly failed to conduct "minimal investigation" into the validity of the assertions contained in Holt's pleading. J.App. at 161-66.
 
 
 10
 On July 27, 1987, United States District Judge Thomas A. Ballantine, Jr. granted the defendants motion for summary judgment and ordered Holt's attorney's to show cause, within 30 days, why sanctions should not be imposed against them pursuant to Rule 11. The district court found Holt's claim of retaliatory demotion to be wholly without merit since the undisputed facts showed that the state of Kentucky terminated funding for her former position. J.App. at 219. With respect to Holt's claim that Smith and Conliffe violated her constitutional right of access to the courts, the district court found that Holt had not introduced sufficient evidence to support a jury verdict in her favor. Finally, regarding the defendant's requests for costs and sanctions, the district court initially found Holt and her attorneys jointly and severally liable "for all attorneys fees and related litigation expenses incurred by the Defendants ..., due to their patent and collective violation of [Rule] 11." J.App. at 244. However, upon reconsideration, the court found that the litigation conduct of Holt and her attorneys was, at least arguably, reasonable under the circumstances. Therefore, on October 8, 1987, the district court lifted the sanctions and entered an amended judgment. J.App. at 264-67.
 
 
 11
 On October 8, 1987, Holt filed her notice of appeal from the amended judgment insofar as it declined to alter the judgment of July 27, 1987 which dismissed her claims against the defendants. On November 4, 1987, the defendants filed their notice of appeal from the amended judgment insofar as it denied their motion for attorney fees and sanctions against Holt and her attorneys.
 
 II.
 
 12
 Holt first contends that the district court erred in granting the defendants' motion for summary judgment and dismissing her claims on the merits.
 
 
 13
 Since the district court dismissed Holt's claims via summary judgment order, this court must view the facts in a light most favorable to Holt. See Matsushita Electric Industrial Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1356-57 (1986). Summary judgment is appropriate only if the pleadings, depositions and other material permitted by Rule 56 show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 14
 In Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986), the Supreme Court laid down the following guidelines for federal courts considering summary judgment motions:
 
 
 15
 "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... [I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.
 
 
 16
 Id. at 2511 (citations omitted); See also Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986).
 
 
 17
 It is settled law that the first amendment right to petition the government for redress of grievances includes the right of effective access to the courts, see California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972), and extends to the states via the due process clause of the fourteenth amendment. See Bill Johnson's Restaurants, Inc. v. NLRB, 103 S.Ct. 2161, 2169 (1983). It has been held that " 'access to courts' encompasses all the means required for a litigant to get a fair hearing from the judiciary on the charges brought against him or grievances alleged by him." O'Connor v. Mowbray, 504 F.Supp. 139, 141 (D.Nev.1980).
 
 
 18
 Considering the evidence in this case in light of the standards set forth in Anderson and Celotex, the district judge correctly concluded that Holt did not present sufficient evidence to create a jury question on her claims that the defendants violated her right of access to the courts and demoted her for attempting to exercise this right. The only evidence supporting Holt's claims is her own deposition testimony wherein she stated that Marjean Martin told her that her complaint had been "pulled" and that Holt and Jones were going to lose their jobs as a result of their dispute. Given the countervailing evidence presented by the defendants in their summary judgment motion, Holt's hearsay testimony is simply insufficient to present a genuine factual issue as to whether the defendants caused her complaint against Jones to be "quashed and nullified" as Holt avers in her complaint. Since Holt has failed to present facts showing that there is a genuine issue for trial, the district court properly granted summary judgment for the defendants.
 
 III.
 
 19
 On cross-appeal, the defendants argue that the district court erred in denying their motion for attorneys fees and sanctions against Holt and her attorneys pursuant to 42 U.S.C. Sec. 1988 and Rule 11, Fed.R.Civ.P. They contend that the conceded failure of Holt's attorneys to interview Smith, Conliffe or Martin before filing suit constitutes inadequate pre-filing investigation under Rule 11. In addition, they argue that Holt's continuation of this lawsuit, even after her deposition testimony made clear to her attorneys that Martin's alleged statements were the sole evidentiary basis for her suit, mandates the imposition of attorneys fees under section 1988.
 
 
 20
 The decision whether to award attorneys fees under section 1988 is committed to the sound discretion of the trial court, and may not be disturbed on appeal unless the district court has abused its discretion. See Hamilton v. Daley, 777 F.2d 1207 (7th Cir.1985). The same standard of review is applicable to the district court's determination as to whether Rule 11 has been violated. See Invst Financial Group v. Chem-Nuclear Systems, 815 F.2d 391, 401 (6th Cir.), cert. denied, 108 S.Ct. 291 (1987).
 
 
 21
 In Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978) and Hughes v. Rowe, 449 U.S. 5 (1980), the Supreme Court made clear that an award of attorney fees and costs under section 1988 should not be given unless the plaintiff's action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes, 449 U.S. at 14. Similarly, this court recently has held that the test for determining whether Rule 11 has been violated is the objective standard of reasonableness under the circumstances, rather than a subjective standard of good faith. Invst Financial Group, 815 F.2d at 401. While the section 1988 and Rule 11 standards appear similar, the trial court has less discretion under Rule 11 and must impose sanctions if the Rule has been violated. Id.
 
 
 22
 In the instant case, the district court initially imposed Rule 11 sanctions against Holt and her attorneys; however, upon further consideration, the court concluded that the plaintiff's litigation conduct "while unwise, was arguably at least, reasonable under the circumstances." J.App. at 265 (emphasis added). Because the district court's language is ambiguous as to whether or not the Rule 11 standard was met, we find it necessary to remand the sanctions issue to the district court for clarification. As we stated earlier, should the court find that Rule 11 has been violated, sanctions must be imposed against the plaintiff and/or her counsel.
 
 IV.
 
 23
 For the foregoing reasons, we hereby AFFIRM the district court's judgment on the merits and REMAND the sanctions issue for clarification.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court for the Eastern District of Tennessee, sitting by designation